Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 179 | **DATE** | 10/7/2004 |
| **CASE TITLE** | Laborers Pension Fund, et al vs. Matrix Corporation, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiffs' Motion for Summary Judgment is GRANTED and attorneys' fees and costs in the amount of $13,785.00 are awarded.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 0 8 2004 date docketed | 11 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

| | |
|---|---|
| LABORERS' PENSION FUND, et al., | JUDGE HARRY D. LEINENWEBER |
| | U.S. DISTRICT COURT JUDGE |
| Plaintiffs, | |
| v. | Case No. 03 C 0179 |
| MATRIX CONSTRUCTION CO. and OSCAR GARCIA, individually, | Hon. Harry D. Leinenweber |
| Defendants. | DOCKETED |
| | OCT 0 8 2004 |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiffs' unopposed Motion for Summary Judgment. For the following reasons, Plaintiffs' Motion is granted.

## I. INTRODUCTION

On June 27, 2001, Matrix entered into a Collective Bargaining Agreement with the Laborers' District Council of Chicago. The Agreement stipulated that Employers would make certain contributions to Pension and Welfare Funds. (Building Agreement at 17). The Agreement also contained a remedy for employer delinquency in fund contributions:

> A grace period of thirty (30) days shall be granted for Employers to submit reports and contributions as provided. Said reports and contributions not received during the grace period shall be assessed liquidated damages amounting to ten (10 %) percent of the amount of the contributions which are owed. . . . In addition, the delinquent contributions shall bear interest at a maximum legal rate of interest per annum from the due date until they are paid.

> Further, in the event the Trustees refer the account to
> legal counsel for collection, the delinquent Employer
> shall be liable for reasonable attorneys' fees and for
> all reasonable costs incurred in the collection process,
> including court fees, audit fees, etc.
>
> Reasonable attorneys' fees shall mean: All reasonable
> attorneys' fees in the amounts for which the Trustees
> become legally bound to pay, including recovery of
> liquidated damages, interests, audit costs, filing fees,
> and any other expenses incurred by the Trustees.
>
> The Trustees of the aforementioned Welfare and Pension
> Funds and the Union shall have the authority to audit the
> books and records of a participating Employer . . .
> whenever such examination is deemed necessary for the
> purpose of compliance with the provisions of this
> Agreement.

(Building Agreement, 18, 19).

Aware of its obligations under the Collective Bargaining Agreement, Matrix made some contribution payments to the funds from June of 2001 until it went out of business in March of 2003. (Plaintiffs' Ex. A, pg. 6, 14). In response to Matrix's delinquency in contributing to the funds, the Laborers' District Council conducted an audit of Matrix in November of 2003 and found that Matrix owed the Funds $349,971.78 for unpaid contributions, penalties, and audit costs. (Garcia Dep., Ex. 6). Additionally, the Plaintiffs' attorney fees and costs associated with the present litigation amounted to $13,785.00. (Plaintiff's Ex. C). In his deposition, Oscar Garcia, a prior officer in Matrix Construction Co., admitted that the audit "accurately reflects the amount of money that Matrix would owe the fringe benefit funds . . . based on

the collective bargaining agreement." (Plaintiffs' Ex. A, Oscar Dep., p. 11).

The Funds thereafter filed the present action to collect the amount due to them under the Collective Bargaining Agreement, pursuant to Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"). See 29 U.S.C. § 1145; 29 U.S.C. § 1132. The Plaintiffs now move for Summary Judgment, claiming that there is no genuine issue of material fact regarding Matrix's obligation to pay the Funds and regarding the amount due. Defendants have not opposed Plaintiffs' motion.

## II. **LEGAL STANDARDS**

Plaintiffs bring this Motion under Sections 502 and 515 of ERISA, as amended, 29 U.S.C. §§ 1132 (e)(1)(2) and 1145, and Section 301(a) of the Labor Management Relations Act (the "LMRA") of 1947, as amended, 29 U.S.C. § 185(a), and 28 U.S.C. § 1331. Section 515 of ERISA mandates that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." Under 29 U.S.C. § 1002 (37), a "multiemployer plan" is one

> (i) to which more than one employer is required to contribute,

(ii) which is maintained pursuant to one or more collective bargaining agreements between one or more employee organizations and more than one employer, and

(iii) which satisfies other requirements as the Secretary may prescribe by regulation.

According to the Seventh Circuit, Section 515 of ERISA conveys the right for "multiemployer plans," as defined in 29 U.S.C. § 1002(3) and (37), to enforce contribution obligations under the terms of a governing collective bargaining agreement. See Central States, Southeast & Southwest Areas Pension Fund, et al v. The Kroger Co., 73 F. 3d 727, 731 (7th Cir. 1996). Therefore, in deciding the Funds' claim under Section 515, the Court must first determine whether the plans qualify as "multiemployer plans" under the Act, and then the Court must analyze the applicable dictates of "the contract at the heart of the Fund's claim." Kroger, 73 F. 3d at 731.

Furthermore, a fund that is successful in an action under Section 515 may receive various forms of relief. See 29 U.S.C. § 502 (g)(2), 29 U.S.C. § 1132 (g)(2). For instance, Section 515 permits a fiduciary, suing "for or on behalf of a plan to enforce § 515," to recover any unpaid contributions, interest on unpaid contributions, reasonable attorneys' fees and costs, and any other "legal or equitable relief as the court deems appropriate."

### III. **DISCUSSION**

First, because Plaintiffs' Motion is unopposed, the well-supported facts listed in the Local Rule 56.1 Statement of Material

- 4 -

Facts are deemed admitted. In its Statement of Material Facts, Plaintiffs claim that they qualify as "multiemployer plans" under the Act because (1) "[t]he Funds are maintained and administered in accordance with § 312(c)(5) of the LMRA, 29 U.S.C. § 186 (c)(5)," and (2) "[t]hey are established pursuant to collective bargaining agreements and Declarations of Trust previously entered into between various unions and certain employer associations whose employees are covered by the collective bargaining agreements with the unions." Based on these qualifications, the Funds meet the criteria set out by 29 U.S.C. § 1002(37) for a "multiemployer plan."

Second, the Collective Bargaining Agreement clearly obligated Matrix, an Employer under the Agreement, to contribute to the Funds and to remedy any delinquency in contribution. (Building Agreement, 17-19). It is undisputed that Matrix did not meet its contribution obligations for some period of time prior to the litigation. Furthermore, Garcia, as an authorized representative of Defendant Matrix, acknowledged in his deposition that the Plaintiffs' audit was an accurate measure of the amount that Matrix owed the Funds in unpaid contributions, penalties, costs, and interest ($349,971.78). Matrix also did not dispute Plaintiffs' computation of attorney fees and costs ($13,785.00). (Plaintiffs' Ex. C).

Therefore, there are no factual disputes concerning Matrix's obligation to contribute to the funds or concerning the figures submitted for the amount that Matrix owes. Since the forms of relief requested by the Funds are all available under Section 515, and since it is undisputed that Matrix did not meet its contribution obligations under the Collective Bargaining Agreement, this Court grants Plaintiffs' motion for summary judgment and awards $13,785.00 in attorneys fees and costs.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Summary Judgment is **GRANTED** and attorneys' fees and costs in the amount of $13,785.00 are awarded.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: October 7, 2004

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

Laborers' Pension Fund, et al        **JUDGMENT IN A CIVIL CASE**

v.        Case Number: 03 C 179

Matrix Construction Co., et al

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the motion for summary judgment by plaintiffs' is granted and attorneys' fees and costs are awarded in the amount of $13,785.00.

Michael W. Dobbins, Clerk of Court

Date: 10/7/2004

Wanda Parker, Deputy Clerk